IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 SEP 13 PM 1:26

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                  No. 05-20127-B

BHUTTER HARDEEP SINGH,

    Defendant.

---

### ORDER DENYING MOTION FOR NEW TRIAL

---

Before the Court is the motion of the Defendant, Bhutter Hardeep Singh, for a new trial, pursuant to Rule 33, Federal Rules of Criminal Procedure. The Defendant was convicted by a jury on August 9, 2005, for violations of 18 U.S.C. § 2244(a)(3), abusive sexual conduct and 18 U.S.C. § 113, for assault within maritime or territorial jurisdiction of the United States, specifically aboard an aircraft flying in United States airspace.

Fed. R. Crim. P. 33 permits the trial judge to consider the credibility of witnesses and to weigh the evidence to insure there is no miscarriage of justice. United States v. Solorio, 337 F.3d 580, 589 n.6 (6th Cir.), cert. denied, 540 U.S. 1063, 124 S.Ct. 850, 157 L.Ed.2d 723 (2003). A defendant's burden on a Rule 33 motion for a new trial is a heavy one. United States v. Ware, 282 F.3d 902, 906 (6th Cir. 2002). While the granting of a motion for a new trial is discretionary, such discretion should be used only in "extraordinary circumstances where the evidence preponderates heavily against the verdict." United States v. Damrah, 334 F.Supp.2d 967, 983 (N.D. Ohio 2004). In issuing its ruling, the Court must keep in mind the provisions



of Fed. R. Crim. P. 52, which instructs that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed. R. Crim. P. 52(a).

According to the Defendant's motion, following the trial, an investigator of the Federal Defender's Office spoke with John W. Almeida, a Federal Air Marshal, who apparently interviewed other passengers and the flight attendant on the flight in question. Almeida indicated to the investigator that he did not write up the results of these interviews and apparently none of these individuals saw anything on the flight relative to the charges against the Defendant. Based upon the fact that the negative results of the government's interviews with potential eye witnesses were not disclosed to defense counsel, this information, according to the Defendant, could have been potentially exculpatory. Thus, the Defendant claims he is entitled to a new trial based upon the government's failure to disclose this information. In addition, the Defendant contends that the Court erred in not granting his motion for acquittal at the conclusion of the evidence. Finally, Singh alleges that the verdict was contrary to the weight of the evidence and was not supported by substantial evidence.

The government has now responded and indicates that at the last report date before this trial, its attorney had informed defense counsel that the United States had interviewed other passengers and the flight attendant, but that none of these individuals had seen anything. When counsel for the United States received the motion for new trial, he claimed that he discussed the matter with defense counsel who now states that he recalls the conversation. Based upon what appears to be an acknowledgement that such information was provided to defense counsel, the issue as to whether that nondisclosure would be the basis for a new trial is moot and therefore, the motion for a new trial is DENIED on those grounds.

With regard to the Defendant's position that the Court should have granted the Defendant a judgment of acquittal and that the verdict was not borne out by the evidence, the Court, as did the government, would refer to the testimony of the victim who testified that the Defendant did assault her, that she was at the requisite age and was more than four years younger than the Defendant. Likewise, as stated by the United States, the victim in this case reported the alleged incident to the airline pilot, and subsequently to an airline gate agent and law enforcement officers. All of this testimony was consistent with what the victim testified to at trial, that is that the Defendant committed abusive sexual conduct and assaulted her while this victim flew on an aircraft in United States airspace. In the Court's opinion, this testimony was sufficient for a jury to find in favor of the government's position and, thus, Defendant's motion for a new trial on these grounds is without merit.

Accordingly, for the reasons stated herein, the Defendant's motion for a new trial is DENIED.

**IT IS SO ORDERED** this 13th day of September, 2005.

J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 40 in case 2:05-CR-20127 was distributed by fax, mail, or direct printing on September 13, 2005 to the parties listed.

---

Randolph W. Alden
FEDERAL PUBLIC DEFENDER
200 Jefferson Ave.
Ste. 200
Memphis, TN 38103

Frederick H. Godwin
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT